Estate of Margaret E. McCarty Jones, Deceased.

Argued November 11, 1929. Before PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Francis T. Anderson,* for appellants.

*H. Seidel Throm,* for appellee.

OPINION BY TREXLER, J., January 29, 1930:

Margaret Jones died March 14, 1928, and by her will devised and bequeathed her residuary estate to the Real Estate Title Insurance and Trust Company, succeeded by the Real Estate Land Title and Trust Company, in trust, with directions to the trustee to pay "all the rents, issues, profits, benefits, accretions, increase, interest, dividend, and income thereof" to two sisters and three grandchildren, appellants herein; during the terms of their natural lives, with remainder to the issue of the said grandchildren.

Her husband, Richmond L. Jones, in 1899, had taken out an insurance policy wherein he made Margaret Jones his beneficiary. In it the company engaged to pay to her $100 per month for 300 months on receiving proof of her husband's death. She survived her husband and received $100 per month up to the date of her death. The policy provided that upon the death of the beneficiary, her executors, administrators or assigns should have the option to commute all unpaid installments by taking their present worth as indicated by endorsement upon the policy. This the executor did and received $17,977.61. This sum the executor turned over to itself as trustee under the will and now holds as part of the corpus of the estate. The life tenants claim that it should be distributed to them as income. The orphans' court declared that it was part of the corpus.

When the insured died, his widow was entitled to receive $30,000, payable $100 per month for 300 months if she lived to the end of the term. The provisions of

the contract of insurance were very definite. It differed in no respect from the ordinary policy of insurance, except that instead of the entire amount being paid in a lump sum at the death of the insured to the beneficiary, it was paid in monthly installments extending over a fixed period. If it had all been payable at once and she had died before it was actually paid, there would be no doubt that it would be part of the corpus of the estate. If the decedent had had a bond payable in 300 months in equal monthly payments without interest, could it be argued that such monthly payments should be regarded as income?

The will of Mrs. Jones made no specific reference to this insurance. Her whole estate went to her executor in trust. What these appellants were to get was the portion allotted to them, not in kind, but out of the income of the estate. There can be no inference drawn from the will that the decedent, who could by will control the distribution of this policy, desired to have the proceeds of the policy to go as income to the life tenants. If these payments are to be regarded as income, that conclusion must be drawn from the language of the policy and we find none that will justify it.

Most of appellant's argument is an attempt to draw a parallel between the case and those relating to coal royalties. The reason found for the decisions which regard such royalties as income is found in the inference that the testator desired the life tenants to receive the same periodic payments as he had. There is no such inference deducible in the present case. It cannot arise from the mere fact that instead of the policy providing for payment of a lump sum, it directs such payments to be made in installments, at so much per month.

We quote from the opinion of the lower court: "The liability of the insurance company was fixed at a defi-

nite amount, at the death of the testatrix. That amount was invariable, but was subject to discount or commutation. The monthly payments went to the depletion of the asset. They constituted part payment of the principal, partial satisfaction of the liability of the company. Upon completion of three hundred payments the asset was exhausted and the liability of the insurer was fully satisfied. The monthly payments represented no product of a principal, no derivation therefrom, but invariably resulted in the impairment and depletion of the balance then remaining unpaid."

The decree of the lower court is affirmed.